UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL J.,

                                                  DECISION AND ORDER

                Plaintiff,

                                                21-CV-1320DGL

                v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                Defendant.
_____

      Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

      On April 27, 2020, plaintiff filed applications for a period of disability and disability insurance benefits, and for supplemental security income, alleging an inability to work since December 23, 2019. (Dkt. #7 at 82). His applications were initially denied. Plaintiff requested a hearing, which was held on February 23, 2021 via teleconference before administrative law judge ("ALJ") Paul Georger. The ALJ issued a decision on May 4, 2021, finding plaintiff not disabled. (Dkt. #7 at 82-90). That decision became the final decision of the Commissioner when the Appeals Council denied review on October 27, 2021. (Dkt. #7 at 1-4). Plaintiff now appeals.

      The plaintiff has moved pursuant to Fed. R. Civ. Proc. 12(c) for judgment vacating the ALJ's decision and remanding the matter for further proceedings (Dkt. #9), and the Commissioner has cross moved for judgment dismissing the complaint (Dkt. #10). For the reasons set forth below,

the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the complaint is dismissed.

## DISCUSSION

Familiarity with the five-step evaluation process for determining Social Security disability claims is presumed. *See* 20 CFR §404.1520. The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

I.   **The ALJ's Decision**

Plaintiff was fifty-eight years old on the alleged onset date, with a high school education and past relevant work as a bartender and/or line cook. (Dkt. #7 at 91). His medical records reflect treatment for osteoarthritis of the right hip status-post right total hip replacement, degenerative disc disease of the lumbar spine status-post lumbar microdiscectomy, peripheral arterial disease, peripheral vascular disease, and perforated small bowel status-post surgical repair, which the ALJ found to be severe impairments not meeting or equaling a listed impairment. (Dkt. #7 at 85).

After reviewing the evidence of record, the ALJ determined that the plaintiff retained the residual functional capacity ("RFC") to perform light work, with no more than occasional climbing of stairs or ramps, balancing, stooping, kneeling, crouching, and crawling. Plaintiff can never climb ropes, ladders, or scaffolds, can occasionally work at unprotected heights and around moving mechanical parts, and may occasionally operate a motor vehicle. (Dkt. #7 at 86).

When presented with this RFC as a hypothetical at the hearing, vocational expert Warren Maxim testified that such an individual could perform plaintiff's past relevant work as a bartender. (Dkt. #7 at 90). The ALJ accordingly found plaintiff not disabled.

## II.     The ALJ's RFC Determination

Plaintiff argues that the ALJ's finding that plaintiff could return to his past relevant work as a bartender was insufficiently supported, and that the ALJ failed to sufficiently explain his reasoning for rejecting one of the limitations posited by plaintiff's treating physician.

### A.     Plaintiff's Past Relevant Work

Plaintiff chiefly contends that the ALJ failed to question plaintiff concerning the way he performed his past relevant work, and that the vocational expert and the ALJ thus improperly relied on plaintiff's application paperwork and unsupported assumptions about his previous job to determine the nature of that work. Plaintiff also claims that the ALJ failed to engage in a specific finding as to whether plaintiff could return to the bartender job as he performed it, rather than simply as it is generally performed, and further erred in failing to consider whether plaintiff's prior bartender job, as he performed it, was a hybrid position.

Plaintiff's arguments are unavailing. Even assuming *arguendo* that the ALJ committed an error at Step Four when he determined that plaintiff's past relevant job was properly characterized as that of a bartender, and that plaintiff could return to it, such error would be harmless.

At the hearing, after the vocational expert testified concerning plaintiff's past relevant work, the ALJ asked the vocational expert whether, in the event plaintiff's prior work did not approach the level of substantial gainful activity, there were other jobs in the economy that a hypothetical person with the same RFC as could perform. The ALJ testified that such an individual could perform the representative light positions of photocopy machine operator, mail clerk, and retail marker. (Dkt. #7 at 267-68). Plaintiff makes no argument, nor does the Court's review reveal any basis for finding, that the vocational expert's testimony concerning these positions was

3

incorrect, or insufficient to meet the Commissioner's burden to show that there were other jobs existing in significant numbers in the national economy that plaintiff could perform.

Because the ALJ would have been constrained to find plaintiff not disabled with the RFC he determined, regardless of whether plaintiff could perform his past relevant work, any error the ALJ committed with respect to plaintiff's past relevant work is harmless, and remand would serve no proper purpose. *See e.g., Bielecki v. Colvin*, 2017 U.S. Dist. LEXIS 149472 at *9-*10 (W.D.N.Y. 2017)(any error by ALJ in finding that plaintiff could perform her past relevant work "is harmless because the [vocational expert] testified at the hearing that a hypothetical person of Plaintiff's age, and with her RFC, education, and vocational experience…could perform various jobs that exist in significant numbers [in] the national economy").

### B. The ALJ's Consideration of Dr. Sadiq's Opinion

Plaintiff also contends that the ALJ erred in his consideration of the medical opinion of plaintiff's treating internist, Dr. Riffat Sadiq. (Dkt. #8 at 1138-42).

"At their most basic, the amended regulations [concerning an ALJ's weighing of medical opinions] require that the ALJ explain [his or] her findings regarding the supportability and consistency of each of the medical opinions, pointing to specific evidence in the record supporting those findings." *Ricky L. v. Commissioner*, 2022 U.S. Dist. LEXIS 113151 at *7 (W.D.N.Y. 2022)(internal quotation marks omitted)(quoting *Raymond M. v. Commissioner*, 2021 U.S. Dist. LEXIS 32884 at *24 (N.D.N.Y. 2021)).

The "supportability" factor "asks how well a medical source supported their opinion(s) 'with objective medical evidence' and 'supporting explanations.'" *Cuevas v. Commissioner*, 2021 U.S. Dist. LEXIS 19212 at *44 (citing 20 C.F.R. §§404.1520c(c)(1), 416.920c(c)(1)). "The 'consistency' factor calls for a comparison between the medical source's opinion and 'evidence

from other medical sources and nonmedical sources' in the file." *Id*. (citing 20 C.F.R. §§404.1520c(c)(2), 416.920c(c)(2)). The ALJ must articulate his consideration of the medical opinion evidence, including how persuasive he finds the medical opinions of record, and must specifically explain how the supportability and consistency factors were weighed. *See Salleh D. v. Commissioner*, 2022 U.S. Dist. LEXIS 427 at *9-*11 (W.D.N.Y. 2022).

"Although an ALJ may afford various weights to portions of a medical source opinion, the ALJ is still required to provide reasoning to support [his or] her various weight determinations," in order to permit meaningful judicial review. *Yasmine P. v. Commissioner*, 2022 U.S. Dist. LEXIS 154176 at *10 (W.D.N.Y. 2022). Nonetheless, an ALJ need not explain "why each and every limitation" in a given opinion is rejected, if "the evidence of record permits the Court to glean the rationale of an ALJ's decision." *Emery S. v. Commissioner*, 2021 U.S. Dist. LEXIS 118218 at *13 n.4 (W.D.N.Y. 2021).

Dr. Sadiq cosigned an opinion authored by nurse practitioner Jennifer Giczkowski on December 30, 2020, based on a one-year treatment history. He opined that due to back pain, hip pain, and a reported history of seizures (with the most recent seizures having taken place 3 years and 8 years prior), plaintiff could sit for up to 5 hours and stand/walk for up to 4 hours in an 8-hour workday, occasionally lift and carry up to 5 pounds, never squat or crawl, occasionally engage in other postural activities, frequently handle and finger, never engage in repetitive movements with his feet, never be around moving machinery, and would be absent from work due to symptoms at least four days per month. (Dkt. #8 at 1138-42).

The ALJ found Dr. Sadiq's opinion "not persuasive," noting the brevity of plaintiff's treatment history with Dr. Sadiq, and the opinion's mention of limitations relating to hip pain, without any acknowledgement of plaintiff's successful hip replacement in October 2020, after

5

which plaintiff reported significant improvement. The ALJ also noted that nothing in plaintiff's treatment records supported a lifting limit of 5 pounds (plaintiff himself testified that he can lift 10 pounds), or the inability to sit, stand, or walk for any length of time. Further, there was no medical explanation for Dr. Sadiq's assessment of handling and fingering limitations, and Dr. Sadiq's opinion that plaintiff was limited to due to seizures – but was unlimited in his ability to drive – was internally inconsistent. (Dkt. #7 at 90).

Plaintiff does not attack the ALJ's finding that Dr. Sadiq's opinion was "not persuasive," but argues that the ALJ committed reversible error in failing to discuss the portion of Dr. Sadiq's opinion that indicated plaintiff's symptoms would cause him to miss four or more days of work per month.

While the ALJ may not have mentioned and discussed every single limitation identified by Dr. Sadiq, the ALJ nonetheless discussed the supportability and consistency of Dr. Sadiq's entire opinion in light of the other evidence of record, as well as its consistency internally, in detail. (Dkt. #7 at 90). The ALJ's finding that the opinion was "not persuasive," and his decision not to credit the more dramatic limitations it identified, was supported by substantial evidence, including the opinions of consulting internist Dr. Hongbiao Liu, and state agency reviewers, which the ALJ found "persuasive," and fully incorporated into his RFC determination. (Dkt. #7 at 90). *See also Salmini v. Commissioner*, 371 F. App'x 109, 112-13 (2d Cir. 2010)("although the ALJ might have been more specific in detailing the reasons for" his findings, "other portions of the ALJ's detailed decision . . . demonstrate that substantial evidence supports this part of the ALJ's determination").

The ALJ set forth his reasoning in sufficient detail to permit meaningful review, and the record does not otherwise indicate the presence of an impairment that would be expected to cause frequent absenteeism. As such, the ALJ's failure to specifically mention an absenteeism limitation

set forth in an opinion that was properly found "not persuasive" does not constitute reversible error. *See Koehler v. Commissioner*, 2022 U.S Dist. LEXIS 53613 at *45 (S.D.N.Y. 2022)(where ALJ found opinion not persuasive, the ALJ was not required to specifically discuss the opinion's reference to "monthly absences," because although "[f]ailure to address expected absences can constitute legal error . . . the record must first show that Plaintiff's impairments cause a limitation in which she would be absent from work a certain number of days per month"); *Denise B. v. Commissioner*, 2021 U.S. Dist. LEXIS 25810 at *16-*17 (W.D.N.Y. 2021)(ALJ's "failure to mention portions of a medical opinion" does not constitute reversible error where the whole opinion was considered, and the ALJ "adequately explained his consideration of it" in a manner sufficient for the "reviewing court [to] glean the rationale of the decision").

## CONCLUSION

For the foregoing reasons, I find that the decision-appealed-from was supported by substantial evidence of record, and was not the product of reversible legal error. Plaintiff's motion to vacate the ALJ's decision and remand the matter for further proceedings (Dkt. #9) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #10) is granted.

The ALJ's decision is affirmed in all respects, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 18, 2023.